Filed 10/21/20  P. v. Bray CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B301890 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA084553) |
| v. | |
| ERNEST BRAY, JR., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Richard H. Kirschner, Judge.  Affirmed as modified.

Paul R. Kraus, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Ernest Bray, Jr., contends that he is entitled to resentencing under newly enacted Senate Bill No. 136, which amended Penal Code[1] section 667.5, subdivision (b). As we now explain, we agree.

In 2017, a jury found Bray guilty of second degree robbery (§ 211; count 1) and of assault with a deadly weapon (§ 245, subd. (a)(1); count 2). The jury also found that during the robbery Bray used a knife (§ 12022, subd. (b)(1)). The trial court then found that Bray had three prior strikes within the meaning of the "Three Strikes" law, two prior serious felonies (§ 667 subd. (a)(1)), and five prison priors (§ 667.5, subd. (b)). The trial court granted Bray's motion under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 and struck punishment but not the true findings for Bray's prior strikes. The trial court also struck the punishment for the weapon allegation and struck the punishment but not the true findings for the prison priors. The trial court sentenced Bray to two years on count 1, one year on count 2, and two 5-year terms. Bray's total sentence therefore was 13 years.

Bray appealed. We affirmed the judgment. (*People v. Bray* (Oct. 31, 2018, B283962) [nonpub. opn.].) Bray petitioned for review and raised newly enacted Senate Bill No. 1393 ((2017–2018 Reg. Sess.), Stats. 2018, ch. 1013, §§ 1–2). The Supreme Court granted the petition and transferred the matter to this court with the direction to vacate our decision and to reconsider the cause in light of that new law. In accordance with that order, we vacated our opinion and remanded for resentencing. (*People v. Bray* (Mar. 28, 2019, B283962) [nonpub. opn.].)

---

[1] All further statutory references are to the Penal Code.

On remand, the trial court resentenced Bray on July 11, 2019 to a term of eight years in prison comprised of two years on count 1, one year on count 2, and five years for a prior felony (§ 667, subd. (a)(1)).  The trial court struck one 5-year prior.  The trial court imposed a $300 restitution fine (§ 1202.4, subd. (b)).  For each count, the trial court also imposed a $30 court facility assessment (Gov. Code, § 70373), and a $40 court operations assessment (§ 1465.86).

Thereafter, Senate Bill No. 136 became effective on January 1, 2020.  (Cal. Const., art. IV, § 8, subd. (c)(2).)  Before that law became effective, "section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years." (*People v. Jennings* (2019) 42 Cal.App.5th 664, 681.)  Senate Bill No. 136 amended section 667.5 to limit the enhancement to prior prison terms for sexually violent offenses, as defined in Welfare and Institutions Code section 6600, subdivision (b).  (Stats. 2019, ch. 590, § 1.)  As the People concede, Senate Bill No. 136 applies retroactively to all defendants, such as Bray, whose judgments were not yet final as of the statute's effective date.  (See *Jennings*, at pp. 681–682.)

Here, Bray's prison priors were for robberies and a petty theft with a prior.  As they were not sexually violent offenses within the meaning of Welfare and Institutions Code section 6600, subdivision (b), they must be stricken for all purposes.  Remand is unnecessary because the trial court never imposed sentence on the prison priors.

Remand is also unnecessary for an ability to pay hearing

under *People v. Dueñas* (2019) 30 Cal.App.5th 1157.[2]  When the trial court resentenced Bray in July 2019, *Dueñas* had already been decided.  Bray therefore had the opportunity to raise any objection under that case.  Having failed to do so, the issue is forfeited on appeal.  (See *People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1153–1155.)

### DISPOSITION

The judgment is modified to strike the five Penal Code section 667.5, subdivision (b) enhancements.  The trial court is directed to prepare an amended abstract of judgment and forward it to the Department of Corrections and Rehabilitation.  As modified, the judgment is affirmed.

NOT TO BE PUBLISHED.


DHANIDINA, J.

We concur:


EDMON, P. J.


EGERTON, J.

---

[2] Our Supreme Court has granted review on whether a trial court must consider a defendant's ability to pay before imposing or executing fines, fees, and assessments and, if so, who bears the burden of proving a defendant's inability to pay.  (*People v. Kopp* (2019) 38 Cal.App.5th 47, review granted Nov. 13, 2019, S257844.)

4